# United States District Court
## Western District of Virginia
### Harrisonburg Division

_____

)
)
**DORA E. CAUDLE,**                                    )            Civil No.: 5:14cv00031
)
*Plaintiff*,                                      )
**v.**                                                     )            **REPORT AND**
)            **RECOMMENDATION**
**CHRISTOPHER D. COLANDENE,** *et al*,          )
)
)
)            By:  Hon. James G. Welsh
*Defendants*                                     )                  U. S. Magistrate Judge
_____ )

     Claiming a deprivation of her property "without Due Process of Law", wrongful conversion, violation of her civil rights "under 42 U.S.C. § 1983" and "[c]onspiracy under 42 U.S.C. § 1985," Dora Caudle, appearing *pro se*, asserts these causes of action against Fairfax County Retirement Administration Agency ("FCRAA"), its manager (Christopher D. Colandene), Fairfax County Attorney David P. Bobzien, and "Does 1-20" (docket #1).  In essence, her claims are all based on her belief that a portion of her monthly Fairfax County (Virginia) retirement allowance was wrongfully withheld from her by the Fairfax County Retirement Administration Agency ("FCRAA") as a consequence of its decision to honor a certain Internal Revenue Service ("IRS") tax levy.

     Seeking declaratory, injunctive and monetary relief the plaintiff invokes the court's jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (individual civil actions authorized by law), 42 U.S.C. § 1983 (civil actions for deprivation of federally protected rights), 42 U.S.C. § 1985 (conspiracy to interfere with civil rights) and 28 U.S.C. § 1367

1

(supplemental jurisdiction statute) (*Id.*).  In response, FCRAA, Christopher Colandene and David Bobzien (hereinafter collectively "the defendants") have answered (docket #6) and moved (with supporting affidavits and exhibits) for summary judgment on multiple grounds, arguing primarily that the undisputed material facts demonstrate that section 6332(e) of the Internal Revenue Code ("IRC") (26 U.S.C. § 6332(e)) shields them from liability (docket #11, 12, 12-1 and 12-2).

## I.     PROCEDURAL BACKGROUND

Pursuant to leave of court, the *pro se* plaintiff filed a Response in Opposition (docket #9) to the defendants' Answer and a Response in Opposition (docket #16) to the defendants' motion for summary judgment.  *Inter alia*, she argued in both that the defendants tortuously deprived her of her property and, therefore, enjoy no immunity from suit (docket #9-1, p 3 and #16 pp 12-13) and that they failed to fulfill a fiduciary duty owed to her, a duty which she contends trumped any duty the defendants may have facially had to comply with IRC § 6332(e) or the Revenue Agent's instructions (docket #9-1, p 2 and #16, pp 4-5, 10-11).

In reply, the defendants submitted their written rebuttal in which they noted the plaintiff's acknowledgment that none of the material facts was at issue, and they noted her failure to cite any authority in support of her assertion that IRC § 6332(e) offered them no protection from liability (docket #17, p 1-3).  Professing to have an obligation "to correct … factual and legal inaccuracies" in the defendant's rebuttal, Ms. Caudle filed a Reply (docket #19) in which she reargued her claim that the defendants failed to carry-out the levy in accordance with IRC requirements and that the cases cited by the defendants were factually distinguishable and, therefore, inapposite.

In the instant case, the plaintiff also filed a "Cross Motion for Summary Judgment" and supporting memorandum.  Contending therein there was no genuine issue of material fact,

because she had a "statutory right under IRC § 6334" to an amount exempt from levy and the defendants' failure to honor that exemption was a "violation of law" (docket #20, 21). In their written response, the defendants argue that Ms. Caudle's motion "rais[ed] the same argument as before," suggested no genuine issue of material fact, and offers no basis to question the defendants' reliance on IRC § 6332(e) (docket #22).

A Roseboro Notice was sent on September 26, 2014 (docket #15), and pursuant to subsequent notice the views of the parties were heard on November 13, 2014 (docket #23). The motions hearing transcript has been prepared and filed (docket #29). All non-dispositive pretrial motions in this case having been previously referred pursuant to 28 U.S.C. § 636(b)(1)(A) and all dispositive motions in this case having been referred pursuant to 28 U.S.C. § 636(b)(1)(B), this matter is now before the undersigned for submission of proposed findings of fact, conclusions of law, and a recommended disposition of all pending dispositive motions (docket #8).

## II, RECOMMENDED DISPOSITION

After a careful and mature consideration of the entire record, including the views of the parties, and for the reasons that follow: it is **RECOMMENDED** that summary judgment be **GRANTED** in favor of all defendants; that plaintiff's summary judgment motion be **DENIED**; that the "Doe" defendants be **DISMISSED** without prejudice**,** that this case be **DISMISSED WITH PREJUDICE** and that it be **STRICKEN** from the court's active docket.

## III. STANDARD OF REVIEW

### A. Rule 56 --Motion for Summary Judgment

"Pursuant to Rule 12(d), if matters outside the pleadings are submitted in conjunction with, or in opposition to, a 12(b)(6) motion, the court must either exclude such materials from consideration or convert the motion into a motion for summary judgment." *Luther v. Wells*

Case 5:14-cv-00031-EKD-JGW   Document 33   Filed 02/27/15   Page 3 of 23   Pageid#: 342

*Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 161001, *12 (WDVa. Nov. 17, 2014) (quoting *Potter v. SunTrust*, 2014 U.S. Dist. LEXIS 150728, (EDVa. Oct. 23, 2014)).

In the instant case, the parties on both sides of the *versus* have submitted materials outside of the pleadings [1] (docket #1, ex. A-D; #6, ex. 1; #12, ex. 1-2; #17, ex. 1-2), have agreed to a number of undisputed facts (docket #21; # 29 pp 3-4, have expressly moved for summary judgment, have received notice that each seeks summary judgment, and have had a reasonable opportunity to present all material made pertinent to any Rule 56 motion. *See Williams v. Gyrus ACMI, Inc.*, 790 F. Supp. 2d 410, 417 (DMd. 2011) ("[a] motion to dismiss may be treated as a motion for summary judgment so long as there is notice to the parties and a reasonable opportunity to present all material made pertinent to such a motion by Rule 56") (quoting *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp*.., 109 F.3d 993, 996 (4th Cir. 1997) (quoting Fed. R. Civ. P. 12(b)(6)) (internal quotation marks omitted).

Rule 56(a) provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," and as the Supreme Court has noted, "[b]y its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Therefore, "[a] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [her] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Rule

---

[1] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Rule 10(c).

56(e)). The court must "view the evidence in the light most favorable to … the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 645 (4th Cir. 2002). At the same time, the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)) (internal quotation marks omitted). Ms. Caudle's claims will be examined under this standard.

### B.    Special Consideration for *Pro Se* Litigants

*Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106(1976)); accord *Brown v. N.C. Dep't of Corr*., 612 F.3d 720, 724 (4th Cir. 2010). Such complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. *Hughes v. Rowe*, 449 U.S. 5, 9-10(1980). Nevertheless, *pro se* complaints must be dismissed, if they do not allege "a plausible claim for relief." *Forquer v. Schlee*, 2012 U.S. Dist. LEXIS 172330, *7 (DMd. Dec. 4, 2012) (citations and internal quotation marks omitted). Therefore, "[w]hile *pro se* complaints may represent the work of an untutored hand requiring special judicial solicitude, a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." *Weller v. Dep't of Soc. Servs. for the City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted)

### IV.    PLAINTIFF'S CLAIMS AND RELEVANT EVIDENCE

In her Complaint, the plaintiff alleges that the "defendants did not appropriately carry out" an IRS tax levy on her Fairfax County retirement allowance. The levy was dated January 27, 2014 and pertained to multiple tax years. She contends the "defendants failed and refused,

and continue to fail and refuse, to return … that portion of her retirement benefits, which she alleges to be "exempt from levy" pursuant to section 6334(a)(9) of the IRC (docket 1, pp 2, 4-5; #1-2, p 1; #1-4, p 1).

She names FCRAA (a local government entity that manages the county employees' defined benefit retirement system) [2] as a defendant; she names "Does 1-20" (twenty unknown FCRAA employees whose "true names" and "capacities" are unknown to the plaintiff) as defendants, and she names two individuals, Christopher Colandene (the FCRAA manager) and David Bobzien (Fairfax County Attorney), as defendants (docket # 1 p. 3). Although she sues Messrs. Colanene and Bobzien "in [their] official and individual capacities," the plaintiff alleges in the body of her complaint that "[a]t all relevant times [both] were acting under the color of law and under color of authority as employees, agents or servants of [FCRAA]" [3] (docket #1, ¶ 20).

In five numbered causes of action the plaintiff asserting claims based on an alleged "taking of [her] property without due process of law," common law conversion, *respondeat superior*, a civil rights violation under § 1983, and a Conspiracy under § 1885 (docket #1, ¶¶ 21-42).

As alleged, she bases her claims largely on correspondence, primarily between her and the FCRAA manager (Mr. Colandene) following FCRAA's February 4, 2014 receipt of a notice of tax levy dated January 27, 2014 pertaining to the plaintiff's monthly retirement allowance and $43,340.78 owed by her for unpaid taxes and penalties (docket #12-1, ¶¶ 7-9 and Ex. A; #1, ¶¶ 4-5, 13-20; see also #12, §§ 10-29). Nowhere in the notice of levy was any suggestion that any

---

[2]  Fairfax County is a political subdivision of the Commonwealth of Virginia.  *See Ligon v. County of Goochland*, 279 Va. 312, 316 689 S.E.2d 666, 668 (Va. 2010).  It has established FCRAA as a pension plan pursuant to Va Code Ann  § 51.1-801 (1950, as amended). Fairfax Code § 3-2-2 (2014).

[3]  To the extent Plaintiff alleges claims against the individual defendants in their official capacities, they are immune as to claims for money damages.  *Eedelman v. Jordan*, 415 U.S. 651, 664-65 (1974); however, they may be sued for prospective injunctive relief, *see Ex Parte Young*, 209 U.S. 123 (1908).

amount less that her full monthly allowance could be remitted to the Treasury; relying also on previously received advice of the County Attorney's office, the FCEAA manager complied with the IRS instructions (docket #12-1, ¶¶ 7-8 and Ex. A)  He completed part 3(b) of the levy notice, acknowledging that FCRAA would remit the net amount of Ms. Caudle's future monthly retirement allowance to the Treasury. (*Id.*at ¶¶ 8-9 and Ex. B).  The completed acknowledgment was then returned to the IRS, and on February 4, 2014 Ms. Caudle was informed in writing that FCRAA had received and "must honor" the notice of levy (docket #1, ¶ 13; #12-1, ¶ 9 and Ex. B).

Shortly thereafter, the plaintiff contacted FCRAA by telephone.  During that call Ms. Caudle claimed FCRAA was legally barred from remitting the entire amount of her monthly allowance to the treasury, and in response Mr. Colandene reaffirmed his agency's obligation to comply with the levy unless it was released by the IRS (docket #12-1, ¶ 11).   Consistent therewith , commencing with the net monthly allowance due the plaintiff beginning March 28, 2014, FCRAA began remitting the full amount to the Treasury docket # 12-1, ¶ 12 and Ex. C).

By letter dated April 11(received by FCRAA on April 14, 2014), the plaintiff reiterated her contention that it was the duty of FCRAA to calculate and pay her the portion of her monthly retirement allowance that was "exempt from levy" pursuant to IRC § 6334(d), and she also outlined a plethora of reasons why she believed the levy was defective and the agency's actions illegal (docket #1, ¶ 14; #12-1, ¶ 13 and Ex. D).   After obtaining advice from the County Attorney's office on April 15, FCRAA's manager replied to Ms. Caudle in writing (docket "1, ¶ 15; #12-1, ¶¶ 14-15 and Ex. E).  Therein, he reiterated the agency's position that it was obligated to comply with the terms of the levy despite the plaintiff's contention to the contrary (docket #1, ¶ 16; #12-1, Ex. E).

After FCRAA remitted the net amount of her retirement allowance for a second month (docket #12-1, ¶ 16 and Ex. F), Ms. Caudle wrote a second letter; in it she once again reiterated her insistence that the agency was "illegally' failing to withhold the "exempt" portion of her retirement allowance, and she stated that she intended to sue after fifteen days in the event she had not received the amounts "taken illegally" (docket #1, ¶ 16-17; #12-1, ¶ 17 and Ex. G). Once again, after Ms. Caudle's letter was reviewed by the County Attorney's office, and Mr. Colandene responded in writing, reiterating the agency's position and suggesting that she might " seek [her] remedies from the levy" through the IRS (docket #12-1, ¶¶ 18-19 and Ex. H).

Consistent with its duty to comply with the tax levy (and a superseding one issued in May 2014, the FCRAA has continued to honor the tax levies and remit the net amount of the plaintiff's retirement allowance to the Treasury (docket #12-1, ¶¶ 20-28 and Ex. I-N).

Responding to the plaintiff's complaint, the defendants have answered and with supporting affidavits and exhibits moved for summary judgment on all five alleged causes of action.

## V.   DISCUSSION

### A.  Due Process Claim (*First, Third* [4] *and Fourth Causes of Action*) [5]

---

[4]   As her Third Cause of Action, the plaintiff asserts the doctrine of "*respondeat superior*" as her sole basis for her claim of FCRAA responsibility under § 1983 for the alleged wrongful actions of the two individual defendants performed in the course of their employment.

[5]   The plaintiff's Complaint alleges separate "due process and § 1983 causes of action based on same deprivation of property claim (docket #1, ¶¶ 21-24 and 36-38).  Section 1983, however, "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" '" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws" of the United States."  *Rehberg v. Paulk*, ___ U.S. ___, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Fifth and Fourteenth Amendments to the United States Constitution guarantee that no person shall be deprived of "life, liberty, or property without due process of law, and this clause has both a substantive and a procedural component. "Procedural due process imposes constraints on governmental decisions, which deprive individuals of … 'property' interests within the meaning of the Due Process Clause …." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "This component requires the government to provide certain procedural protections whenever it deprives a person of certain liberty or property interests." *Guthrie v. McClasky*, 2012 U.S. Dist. LEXIS 51753, *6 (WDVa. Apr. 12, 2012) (citing *Bd. of Regents v. Roth*, 408 U.S. 564 (1972).

"In contrast, substantive due process bar[s] certain governmental actions regardless of the fairness of the procedures used to implement them." *Id.* (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998) (internal citations omitted)). "To make out an arbitrary and capricious substantive due process claim, [a plaintiff] must demonstrate: '(1) that [she] had … a property interest; (2) that the state deprived it of this … interest; and (3) that the state's action fell so far beyond the outer limits of legitimate governmental action that no process could cure the deficiency.'" *Frapple, L.P. v. Comm'rs of the Town of Rising Sun*, 2012 U.S. Dist. LEXIS 32134, *17 (DMd. Mar. 8, 2012 (quoting *Acorn Land v. Balt. Cnty.*, 402 F. App'x 809, 817 (4th Cir. 2010) and *Sylvia Dev. Corp. v. Calvert Cnty.*, 48 F.3d 810, 827 (4th Cir. 1995)). In other words, the protections of substantive due process "run only to state action [that is] so arbitrary and irrational, so unjustified by circumstance or governmental interest as to be literally incapable of avoidance by any pre-deprivation procedural protections or of adequate rectification by any post-deprivation state remedies." *Rucker v. Harford County*, 946 F.2d 278, 281 (4th Cir. 1991).

9

Therefore, a substantive due process analysis must begin by asking whether the conduct of the government official "shocks the contemporary conscience." *See County of Sacramento v. Lewis,* 523 U.S. 833, 846-847 (1998). The undisputed facts in the case now before the court demonstrate conduct by the individual defendants that falls far short of such an abuse of official power. Even were one were to assume for purposes of discussion that the plaintiff had a fundamental property interest in her retirement allowance irrespective of the IRS tax levy, the facts fail to suggest any arbitrary or irrational state action. Similarly, even if one were to assume for purposes of discussion that one or both individual defendants failed to exercise some fiduciary or other duty of care, as Ms. Caudle alleges, the facts fail to demonstrate any abuse of official power by either of them. *See Julian v. Rigney*, 2014 U.S. Dist. LEXIS 38311, *42 (WDVa. Mar. 24, 2014). Breach of some fiduciary or other duty of care is far from an abuse of power; it is a lack of due care. It suggests no more than a "failure to measure-up to the conduct of a reasonable person [6] [and] [t]o hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law." *Id*. (quoting *Daniels v. Williams*, 474 U.S. 327, 332 (1986)).

In contrast procedural due process is a significantly broader concept. A § 1983 claim requires the plaintiff to establish only two essential elements: (1) that a right of hers secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of law, *West v. Atkins*, 487 U.S. 42, 48 (1988). Pertinent, however, to the case now before the court, where the federally secured right protects against either a negligent or an intentional deprivation of property, an individual may not obtain relief under § 1983, if that person has an adequate post-deprivation remedy available. *See*

---

[6] Although the plaintiff (in paragraph 2 of her Complaint) alleges entitlement to relief based on the defendants' "negligence and reckless disregard of the law," official negligence is insufficient to trigger liability for a due process violation. *Daniels v. Williams*, 474 U.S. 327, 331-336 (1986)

*Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (an unauthorized intentional deprivation of property by a state officer does not violate the due process clause if a meaningful post-deprivation remedy for the loss is available); *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995) (plaintiff held to have adequate post-deprivation remedies available through the Bureau of Prisons' administrative remedy program (28 C.F.R. § 542.10-19) and through small claims settlements (31 U.S.C. § 3723(a)(1)); *Kendall v. Balcerzak*, 650 F.3d 515, 530 (4th Cir. 2011) ("government actor [held to have] provide[d] apparently adequate procedural remedies and the plaintiff has not availed himself of those remedies." (quoting *Elsmere Park Club, L.P. v. Town of Elsmere*, 542 F.3d 412, 423 (3rd Cir. 2008); *see also Plummer v. Debbo*, 2011 U.S. Dist. LEXIS 55505, *3-4 (DSC. May 24, 2011) (finding no due process violation for lost dentures where there are "adequate post-deprivation remedies available in the prison administrative remedies program or through 31 U.S.C. § 3723(a)(1)").

    Just such a due process opportunity to contest the tax levy was available to Ms. Caudle. As the courts have long held, an IRS levy upon a taxpayer's property results in no due process violation so long as the taxpayer receives an adequate post-seizure opportunity to contest the levy. *Phillips v. Comm'r*, 283 U.S. 589, 595 (1931) ("The right of the United States to collect its internal revenue by summary administrative proceedings has long been settled, [and] [w]here, as here, adequate opportunity is afforded for a later judicial determination of the legal rights, summary proceedings to secure prompt performance of pecuniary obligations to the government have been consistently sustained.") (*cited with approval in United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 721 (1985)). Under the current IRC, a taxpayer not only has a post-levy opportunity to contest an IRS seizure [7] but since 1998 a taxpayer also has a pre-levy

------

[7] Under Treasury regulations (26 C.F.R.)(commonly referenced as the "Federal tax regulations") promulgated to implement 26 U.S.C. § 6330, since January 19, 1999 the IRS provides pre- and post-levy notices, and where the

Case 5:14-cv-00031-EKD-JGW   Document 33   Filed 02/27/15   Page 11 of 23   Pageid#: 350

opportunity to challenge a seizure. [8]  *Kuretski v. Comm'r*, 755 F.3d  929, 934 (DC Cir. 2014); *see also Law Offices of Gary Rossi, PLLC v. United States*, 2013 U.S. Dist. LEXIS 63231,*11 (EDMich. May 2, 2013) ("A taxpayer is entitled to one [collection-due-process] hearing with respect to the unpaid tax and tax periods covered by the pre-levy or post-levy [collection-due-process] notice provided to the taxpayer.").

With these opportunities to contest the tax levy received by the defendants on January 30, 2014, their compliance with its terms did not deprive Ms. Caudle of her property without due process of law.  The evidence demonstrates no cognizable procedural due process claim; the defendants have shown that there is no genuine dispute as to any material fact pertinent to the plaintiff's due process claim, and the defendants are entitled to judgment in their favor on this issue as a matter of law.

### B.     *Respondeat Superior* Allegation (*Third Cause of Action*)

As her third numbered cause of action the plaintiff asserts the doctrine of *respondeat superior* as the basis upon which she seeks to impose liability on FCRAA, a public agency, for the allegedly wrongful acts of the two individual defendants (docket # 1, pp 30-35).  The law in the Fourth Circuit, however, is well established to the contrary.  The *respondeat superior* doctrine simply does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no *respondeat superior* liability under § 1983); *see also Trulock v. Freeh*, 275 F.

_____

taxpayer has failed to avail herself of a pre-levy collection-due-process hearing, she may request an "equivalent hearing" before and IRS appeals officer within one year of the day after the IRS issuance of the pre-levy notice. 26 C.F.R. § 301.6330-1(i).

[8]  Under the Internal Revenue Service Restructuring and Reform Act of 1998, (codified as amended at 26 U.S.C. § 6330), the IRS must give thirty days' notice before levying on any property to collect unpaid taxes (26 U.S.C. § 6330(a)), and during that period the taxpayer may request a collection-due-process hearing before the IRS Office of Appeals; at which the taxpayer may raise "any relevant issue relating to the unpaid tax or the proposed levy" (26 UI.S.C. § 6330(b)(1) and, (c)(2)).  If dissatisfied with the collection-due-process hearing result, the taxpayer may appeal to the Tax Court. (s*ee* 26 U.S.C. § 6330(d)(1), and the Tax Court's decisions on appeal is subject to district court review. *Byers v. Comm'r*, 740 F.3d 668, 675-677 (DCCir. 2014).

3d 391, 402 (4th Cir. 2001) (no *respondeat superior* liability in a *Bivens* suit). Thus, the FCRAA may not be held liable for negligence, or under the doctrines of agency, vicarious liability or *respondeat superior*. *See Kronk v. Carroll County,* 2012 U.S. Dist. LEXIS 8611, *22 (DMd. Jan. 25, 2012)* ("A local government entity can only be liable under § 1983 for a violation of federal rights by its employees or agents if the violation arises from a policy of the entity.").

    **C.    Qualified Immunity** (*First and Fourth Causes of Action*)

Consistent with the plaintiff's unequivocal allegations in the body of her complaint that "[a]t all relevant times [Messrs. Colanene and Bobzien] were acting under the color of law and under color of authority as employees, agents or servants of [FCRAA]" (docket #1, ¶ 20), each was, at all times herein relevant, a state actor. As such, each is an improper defendant in the plaintiff's deprivation of property claim (First and Forth causes of action). The plaintiff's due process claim against them pertains directly pertains to the performance of their official duties.

While § 1983 permits actions against state actors, in order to permit them to continue to work efficiently and without constant fear of suit, certain immunities have been crafted for their protection. In particular and pertinent to the case now before the court, qualified immunity shields public officials from personal liability for performance of their official duties, provided they do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

In assessing the individual defendants' entitlement to qualified immunity, the court must consider "whether the rights allegedly violated by the public official were clearly established at the time of the challenged conduct and whether such conduct was objectively reasonable." *Martin v. Saint Mary's Dept. Soc. Servs.*, 346 F.3d 502, 505 (4th Cir. 2003) (internal citations omitted). "As such, if there is a 'legitimate question' as to whether an official's conduct

constitutes a constitutional violation, the official is entitled to qualified immunity," *Wiley v. Doory*, 14 F.3d 993, 995 (4th Cir. 1994).

In the instant case, both the plaintiff's allegations and the evidence establish that at all relevant times both individual defendants were public employees acting in their respective official capacities under color of law. Given the FCRAA's receipt of an IRS Notice of Levy containing detailed instructions and duties, the advice of the County Attorney and the actions of the agency's manager were both objectively reasonable in light of the facts and circumstances. Viewed in a light most favorable to Ms. Caudle and drawing every possible inference in her favor, she has presented no evidence which would enable a reasonable jury to return a verdict in her favor, *See Smith v. Strayer Univ. Corp*., 2015 U.S. Dist. LEXIS 20094, *2-3 (EDVa. Feb. 19, 2015), and she has failed to identify any governmental policy or custom of the County which caused her constitutional rights to be violated. *See Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694 (1974) (a municipality or other local government entity may be held liable under § 1983 only where the constitutionally offensive actions of its employees are taken in furtherance of some municipal policy or custom). There has simply been no deprivation of a federal right; the individual defendants are entitled to qualified immunity.

**D.     26 U.S.C. § 6332(e) Absolute Defense (***All Causes of Action***)**

By its express terms 26 U.S.C. § 6332(e) affords a compliant third party surrendering property pursuant to a tax levy "shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment." Questions about the validity of a levy "are not valid reasons for refusing to honor a levy." *United States v. Moskowitz, Passman & Edelman*, 603 F.3d 162, 166 (2d Cir. 2010) (internal quotation marks omitted). If the plaintiff has any valid

defense to the levy, she "must take that up with the IRS, not the [defendants]" *Kline v. U.S. Bank*, 2015 U.S. Dist. LEXIS 7324,*9 (DNeb. Jan. 21, 2015). The defendant complied with the levy, as in compliance with its affirmative legal obligation, and it is absolutely immune from the plaintiff's suit arising from that compliance. *See Gust v. U.S. Airways*, 2011 U.S. Dist. LEXIS 150146,*5-6 (WDNC. Sep. 6, 2011). The defendants, therefore, should be discharged from liability as to all alleged causes of action pursuant to 26 U.S.C. § 6332(e).

### E.    Section 1985 Claim (*Fifth Cause of Action*)

In the instant case, the plaintiff also alleges that she "made the defendants aware of the unlawful taking" and that the two individual defendants, thereafter, "through a concerted effort, allowed" the allegedly unlawful taking to continue and thereby promote the "deprivation and conversion" of her property (docket #1, (Fifth Cause of Action)).

An evidentiary basis for this § 1985 conspiracy claim, however, is utterly lacking. First of all, this claim must be interpreted as one falling within § 1985(2) and § 1985(3), because there is no allegation in the plaintiff's pleadings and no evidence in the record to suggest that the Ms. Caudle, acting in the capacity of an officer, witness, juror or other protected individual, was prevented from performing her duties under § 1985(1).

Equally the pleadings fail to state a claim and the record fails to demonstrate a claim relevant to § 1985(2) or to § 1985(3). There is no allegation and no evidence suggesting either "race- or other class-based invidiously discriminatory animus." *See Glass v. Anne Arundel Cnty.*, 2013 U.S. Dist. LEXIS 36427,*34 (DMd. Mar. 14, 2013) (quoting *Sellner v. Panagoulis*, 565 F. Supp. 238, 246 (DMd. 1982)).

Likewise, neither Ms. Caudle's pleadings nor the evidence in the record demonstrate a cognizable cause of action based on an agreement by the two individual defendants to violate her

constitutional rights. A cognizable § 1985(3) conspiracy claim consists of five elements: (1) a conspiracy ("an agreement or 'meeting of the minds'" by two or more persons), (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a proximate consequence of an overt act committed by the defendants in connection with the conspiracy. *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995).

In addition, the plaintiff's allegations (docket #1, ¶¶ 10-11) and the defendants' submissions (*e.g.* docket #12-1, ¶¶1, 8; #12-2, ¶¶ 4-10) demonstrate that the individual defendants were, at all relevant times, employees of Fairfax County, a local government entity. As a consequence, irrespective of whether the plaintiff has sufficiently pleaded a substantive conspiracy, this court lacks subject matter jurisdiction by application of the intra-corporate immunity doctrine. [9] "A single entity cannot conspire amongst itself." *Cohn v. Bond*, 953 F.2d 154, 159 (4th Cir. 1992); *See Buschi v. Kirven*, 775 F.2d 1240 (4th Cir. 1985) (in the contest of a § 1983 claim, "[a] corporation cannot conspire with itself any more than a private individual can); *Marmott v. Maryland Lumber Co*., 807 F.2d 1180 (4th Cir. 1986), *cert. denied*, 482 U.S. 929 (1987) ("a conspiracy between a corporation and its agents, acting within the scope of their employment, is a legal impossibility"). On multiple bases, therefore, the plaintiff's § 1985 claim is fatally defective and factually unsupported in the record, and the defendants motion for summary judgment in their favor on the *Fifth Cause of Action* should be granted.

### F.    Plaintiff's Failure to Identify and Serve the Doe Defendants

---

[9]   The intra-corporate conspiracy doctrine, which applies to conspiracy claims pursuant to both 42 U.S.C. § 1983 (*see e.g., Dilworth v. Goldberg*, 2012 U.S. Dist. LEXIS 130829, *86 (SD NY. Sept. 13, 2012)), and 42 U.S.C. § 1985(2-3  (*see e.g.,* Jefferson v. Rose, 869 F. Supp. 2d 312 (conspiracy claim "barred by the intra-corporate conspiracy doctrine which 'posits that the officers, agents, and employees of a single corporate or municipal entity, each acting within  the scope of his or her employment, are legally incapable of conspiring with each other'" (citation omitted).

Absent a showing of good cause, Rule 4(m) [10] requires that the court must dismiss an action against a defendant where the plaintiff fails to serve such defendant within one hundred and twenty (120) days from the filing of the Complaint. Good cause to extend the 120-day time period exists, when the plaintiff has made a "reasonable [and] diligent effort[] to effect service on the defendant." Jones v. Newby, 2013 U.S. Dist. LEXIS 34231, *2-3 (EDVa. Mar. 12, 2013) (quoting Venable v. Dep't of Corr., 2007 U.S. Dist. LEXIS 76919 (EDVa. Feb. 7, 2007) quoting Hammad v. Tate Access Floors, Inc., 31 F. Supp. 2d 524, 528 (DMd. 1999)).

Here, the 120-day period commenced on July 9, 2014, the date Ms. Caudle's Complaint was filed. She has been given the appropriate show-cause notice (docket #30); she has since expressly consented to the dismissal of the "Doe" defendants (docket #32), and they should, therefore, be dismissed from this action without prejudice pursuant to Rule 4(m).

### G. Common Law Conversion (*Second Cause of Action*)

In the second count of her Complaint, Ms. Caudle asserts a pendant state-law claim of common law conversion (docket #1, ¶¶ 25-29). Therein, she alleges in effect that the defendants' compliance with the tax levy without adjusting the remitted amount to exclude "benefits that were exempt from levy" constituted a common law conversion and a "continuing illegal taking." Relying on advice received from the County Attorney's office, on the express terms of the Notice of Levy, on the statutory defense to liability afforded them by § 6332(e) of the IRC and their having informed the plaintiff in a timely manner of the reason for their refusal to accede to her demand for possession, the defendants justify their actions (docket #12, pp 8-17; #12-1, ¶¶ 9-23). In addition to this multi-part defense that their actions were not wrongful, the

---

[10] Rule 4(m) provides, in pertinent part: If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

17

defendants also argue that the plaintiff's claim of conversion is fatally defective because her monthly retirement allowance, although an intangible property right, does not arise from or is merged with any document. *See United Leasing Corp. v. Thrift Ins. Corp.*, 247 Va. 299, 305, 440 S.E.2d 902, 906 (Va. 1994).

> In general, a cause of action for conversion applies only to tangible property. However, many courts have recognized the tort of conversion in cases where intangible property rights arise from or are merged with a document, such as a valid stock certificate, promissory note, or bond. *See, e.g., Triple-A Baseball Club Assocs. v. Northeastern Baseball, Inc*., 655 F. Supp. 513, 538-39 (DMe.), *aff'd* in part, *rev'd* in part, 832 F.2d 214 (1st Cir. 1987), *cert. denied*, 485 U.S. 935 (1988); *Simon v. Reilly*, 321 Ill. 431, 151 N.E. 884, 885-86 (Ill. 1926*); Lawson v. Commonwealth Land Title Ins. Co*., 69 Md. App. 476, 518 A.2d 174, 176 (Md. Ct. Spec. App. 1986); *Pierpoint v. Hoyt*, 260 N.Y. 26, 182 N.E. 235, 235-36 (NY. 1932); Restatement (Second) of Torts § 242 and cmt. e (1965). Nevertheless, a cause of action for conversion does not encompass claims for interference with undocumented intangible property rights. *See Unlimited Screw Prods., Inc. v. Malm*, 781 F. Supp. 1121, 1131 (EDVa. 1991); W. Page Keeton, *et al*., Prosser and Keeton on the Law of Torts § 15, at 90-92 (5th ed. 1984).

*Id.* at 305-306.

Viewing the facts relating to the plaintiff's state-law conversion claim in the light most favorable to her, the evidence nevertheless fails to establish any act by the defendants that was not immune from liability pursuant to IRC § 6332(e), or any act constituting a cognizable claim of intangible property conversion, or any improper refusal to surrender the intangible property on demand because the plaintiff's demands were patently unreasonable given the FCRAA's prior receipt of the tax levy . *Joseph v. United States*, 517 Fed. Appx. 543, 543-544 (9th Cir. 2013) (plaintiff's conversion claim properly dismissed against brokerage company because it was immune from liability for complying with the IRS levy to collect unpaid taxes, citing IRC §

6332(e)); *United Leasing Corp. v. Thrift Ins. Corp.*, 247 Va. at 305-306 (a claim of entitlement to immediate possession of an undocumented intangible property right, which does not amount to a thing, is insufficient to support a claim for conversion); Restatement (*Second*) Torts §§ 238 and 241 (a refusal to surrender property on demand is justified, when the possessor has a good faith belief that circumstances make the demand unreasonable and timely apprises the demanding party of the reason for the refusal).

In summary, the plaintiff's claim of conversion (*Count Two*) is without merit, and the defendants have demonstrated their entitlement to summary judgment on this claim.

### H.    Plaintiff's Reliance on IRC § 6334(a)(9)

Moving for summary judgment in her favor, Ms. Caudle argues that IRC § 6334(a)(9) exempts a portion of her retirement allowance equal to the method of computation set forth in § 6334(d (docket # 21).  In making this argument the plaintiff fundamentally misreads this code provision.  In essence, this tax code provision provides that the government may not enforce restitution orders against specific property listed as exempt from levy for taxes. But § 6334(a)(9) is not among the categories of property exempt from levy for payment of federal taxes.  *See United States v. Fussell*, 567 Fed. Appx. 869, 870 (11th Cir. 2012).

Section 6334(a)(9) simply recognizes that economic hardships may result from a tax levy, and it makes reference to sub-section (d) for the method by which the hardship amount is to be calculated.  Consistent with this procedure, the agency's regulations "provide a method whereby a taxpayer may inform the [Commissioner] that a levy is creating an economic hardship and request that the levy be released." *Vinatieri v. Comm'r*, 133 T.C. 392, 399 (2009) (citing 26 C.F.R. §  301.6343-1(c)); *see also* 26 C.F.R. § 302.6343-1(b)(4)(ii).  Thus, if Ms. Caudle wished to obtain release of the levy, her remedy was "[to] submit a request for release in writing or by

19

telephone to the district director for the Internal Revenue district in which the levy was made. *Id.* It was not to resort to the courts in the first instance to hold a third-party custodian responsible for calculating and assuring her receipt of the "minimum exemption" from levy allowed-for in § 6334(a)(9). That computation was simply not the responsibility of a third-party custodian, and the plaintiff has failed to offer any authority to support such a contention.

Moreover, the basic contention underlying Ms. Caudle's motion for summary judgment is equally meritless. Although she contends that a portion of her retirement allowance "is exempt" from the IRS under § 6334(a)(9), "IRS liens attach to all of [her] property, including property that may be exempt under 26 USCS § 6334." *In re Voelker*, 175 BR 989, 994 (WDWis. 1994).

## VI. PROPOSED FINDINGS OF FACT

1. FCRAA is a local government agency that manages the county employees' defined benefit pension plan;

2. Dora Caudle is a plan member and has received monthly retirement allowances from the plan since December 29, 1994;

3. At all times herein relevant Christopher Colandene was employed as Manager of the FCRAA;

4. At all times herein relevant David Bozien was employed as Fairfax County Attorney;

5. On January 30, 2014 FCRAA received an IRS notice of levy pertaining to the plaintiff (docket #12-1 pp 6-1);

6. *Inter alia* the Notice of Levy apprised FCRAA that the IRS had "given the notice and demand required" by the IRC and directed FCRAA "to turn over" to the IRS the plaintiff's "property and rights to property … which [it was] already obligated to pay [her]";

7. Consistent with the advice of the county attorney on an earlier occasion, FCRAA, acting through its Manager, complied with the notice;

20

8. Since being notified of FCRAA's receipt of the Notice of Levy, the plaintiff has insisted FCRAA is legally barred from remitting the entire amount of her monthly retirement allowance in accordance with the terms of the levy; contending instead that FCRAA is obligated to comply with the IRS's collection manual and IRC § 6334(d) concerning certain "exempt" amounts (docket #12-1, ¶¶ 10-11 and pp 15-32, 35-38);

9. In compliance with Rule 12(d), all parties were given a reasonable opportunity to present all the material that is pertinent to the motions for summary judgment;

10. A Roseboro Notice was sent to the plaintiff on September 26, 2014;

11. Special care was afforded to consideration of the plaintiff's *pro se* complaint, motion for summary judgment and all other pleadings and papers filed by her in making the determination as to whether any possible set of facts would entitle the plaintiff to relief;

12. All evidence has been viewed in the light most favorable to the plaintiff, and all reasonable inferences made in her favor without weighing the evidence or assessing credibility;

13. The pleadings, answers and other acceptable materials, together with the affidavits, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law;

14. The plaintiff's Complaint (docket #1) does not allege a cognizable claim for relief against any defendant;

15. To the extent Plaintiff alleges claims against the individual defendants in their official capacities, they are immune as to claims for money damages;

16. The doctrine of *respondeat superior* is not applicable to § 1983 claims;

17. 42 U.S.C. § 1983 is not the source of a substantive constitutional right;

18. Pertinent to the plaintiff's due process claim, the evidence fails to demonstrate any conduct by the individual defendants, either or both, sufficient to suggest the denial of substantive due process, and each is entitled to judgment as a matter of law on this issue;

19. Pertinent to the plaintiff's due process claim, the evidence fails to demonstrate any conduct by the individual defendants, either or both, sufficient to suggest the denial of procedural due process, and each is entitled to judgment as a matter of law on this issue;

21

20. All relevant actions of the defendants, either or both, were done in their respective official capacities, and each is entitled to qualified immunity;

21. The actions of the defendants, about which the plaintiff complains, were performed in full compliance with their obligations upon receipt of the tax levy, and pursuant to 26 U.S.C. § 6332(e) each defendant is entitled to be discharged from any obligation or liability to the plaintiff;

22. Pertinent to the plaintiff's § 1985 conspiracy claim, the evidence establishes no factual basis for it; there is no evidence of race or class-based animus; there is no evidence of any agreement to deprive the plaintiff of equal enjoyment of her civil rights; each individual defendant has demonstrated his entitlement to rely on the intra-corporate immunity doctrine, and each is entitled to judgment as a matter of law on this issue;

23. Having failed either to effect service of process or to take any action in an effort to have service made and having consented expressly to their dismissal, the "Doe" defendants should dismissed without prejudice pursuant to Rule 4(m);

24. The evidence fails to establish any act by the defendants that was not immune from liability pursuant to IRC § 6332(e); it fails to demonstrate any act suggesting a cognizable claim of intangible property conversion or any improper refusal to surrender the intangible property on demand because the plaintiff's demands were patently unreasonable given the FCRAA's prior receipt of the tax levy;

25. The pendant state law claim of common law conversion is so related to the federal claims that it forms a part of the same case or controversy, and in the exercise of judicial economy it is appropriate for the court to exercise supplemental jurisdiction over the non-federal claim. *See* 28 U.S.C. § 1367(a).

## VII.    DIRECTIONS TO CLERK

The clerk is directed to transmit the record in this case immediately to the presiding district judge and to transmit a copy of this Report and Recommendation to the *pro se* plaintiff and all counsel of record.

## VIII.    NOTICE TO THE PARTIES

Both sides are reminded that, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, they are entitled to note objections, if any they may have, to this Report and

Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned to which an objection is not specifically made within the period prescribed by law may become conclusive upon the parties.  Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitals or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objections.

**DATED:**  This 27th day of February 2015.


/s/  *James G. Welsh*
United States Magistrate Judge