IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DORA E. CAUDLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:14-cv-00031 |
| ) | |
| CHRISTOPHER D. COLANDENE, *et al.*, ) | By: Elizabeth K. Dillon |
| ) | United States District Judge |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Dora Caudle, proceeding *pro se*, has asserted five causes of action against defendants, all of which relate to defendants' decision to honor an IRS tax levy and their sending her monthly retirement allowance to the IRS. Caudle claims that a portion of her benefits is exempt and not subject to the levy, and that, despite her informing defendants of this fact, they have continued to send the entirety of her monthly retirement benefits to the IRS. All of her causes of action arise from, and all of her arguments are based on, this contention.

The matter was referred to the Honorable James G. Welsh, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition as to the parties' cross-motions for summary judgment. (Dkt. Nos. 11, 20.) After briefing and oral argument, the magistrate judge filed a report and recommendation (Report) on February 27, 2015, recommending that the Doe defendants be dismissed without prejudice, that Caudle's summary judgment motion be denied, that defendants' summary judgment motion be granted, and that the case be dismissed with prejudice as to the named defendants. (Dkt. No. 33 at 3.) After seeking and receiving an extension of time to object, Caudle filed objections to the Report (Dkt. No. 36), and defendants filed a response (Dkt. No. 37).

The court has reviewed the Report, Caudle's objections, and defendants' response. For the reasons set forth herein, the court will adopt the Report in part and reject it in part, will grant defendants' summary judgment motion, deny Caudle's summary judgment motion, dismiss the Doe defendants without prejudice, and dismiss the case against the named defendants with prejudice.

## I. BACKGROUND

Caudle is a retired employee of Fairfax County, Virginia, and receives certain retirement benefits, including a monthly allowance. Her allowance is administered by defendant Fairfax County Retirement Administration Agency (FCRAA), a county agency responsible for administering the county employees' retirement system. In her complaint, she names not only FCRAA as a defendant, but also two individuals in their official and individual capacities, Christopher D. Colandene and David P. Bobzien. Colandene works at FCRAA and is the primary person who communicated with Caudle regarding her concerns related to the levy. Bobzien is the Fairfax County Attorney, whose office gave legal advice to Colandene and FCRAA concerning the levy.[1] Bobzien and Colandene are both employees of Fairfax County. (Dkt. No. 12-1, ¶ 1; Dkt. No. 12-2, ¶ 4.) Caudle has also named "Does 1–20," twenty unknown FCRAA employees.

Caudle's complaint lists five causes of action: (1) a claim that she was deprived of her property without due process; (2) conversion; (3) a claim of "respondeat superior" against FCRAA based on its "policies" and failure to adequately train and supervise its employees,

---

[1] For purposes of the summary judgment motion, defendants do not dispute "Caudle's belief that Bobzien himself was involved in . . . providing legal advice to Colandene on the matters giving rise to this case" (Dkt. No. 12 at 2 n.4), although the documents they have provided merely state that the "Office of the County Attorney" provided such advice. (*E.g.*, Dkt. No. 12-2, Declaration of deputy county attorney Cynthia L. Tianti.) In any event, defendants contend that it makes no difference as to the appropriateness of summary judgment. (Dkt. No. 12 at 2.)

which she alleges resulted in the "illegal taking of exempt benefit funds"; (4) a § 1983 claim that her civil rights were violated; and (5) a civil conspiracy claim under 42 U.S.C. § 1985. (Dkt. No. 1, Compl. at 5–8.) Her complaint seeks declaratory, injunctive, and monetary relief. In her motion for summary judgment, she argues that defendants violated § 6334 of the Internal Revenue Code (IRC) (26 U.S.C. § 6334)—which exempts from levy a minimum amount of wages, salary, or income—by turning over the entire monthly allowances, thereby denying her the minimum exempt amount.

Defendants, in their motion for summary judgment, have asserted multiple grounds for dismissal, but they argue "primarily that the undisputed material facts demonstrate that § 6332(e) of the IRC (26 U.S.C. § 6332(e)), shields them from liability." (Dkt. No. 33 (Report) at 2 (citing Dkt. Nos. 11, 12).)

As noted in the Report, the facts of this case are not in dispute, and the court adopts the facts as set forth in the Report unless otherwise noted herein. (*See* Report at 5–8.) Briefly summarized, the parties agree that on January 30, 2014, FCRAA first received a notice of levy dated January 27, 2014, in which the IRS identified Caudle as owing tax liability and penalties for multiple years in an amount over $43,000. (Dkt. No. 12-1 at 2, 6, Colandene Decl. ¶ 7 and Ex. A.) FCRAA notified Caudle of its intent to abide by the levy and to remit her future monthly retirement allowance to the Treasury. (*Id.* at 2, ¶¶ 9–11 and Ex. B.)

Subsequently, Caudle contacted FCRAA by telephone and spoke with defendant Colandene. Caudle informed Colandene of her belief that FCRAA was legally barred from remitting the entire amount of her monthly retirement allowance, but Colandene nevertheless reaffirmed his agency's obligation to comply with the levy unless the IRS released it. There were additional communications between Caudle and Colandene along similar lines.

3

In May 2014, the IRS issued a superseding levy with a lower overall amount, apparently to account for the fact that Caudle was challenging the tax liability for several years. This second levy included an express statement in the cover letter from the IRS that "the full amount of pension is to be remitted until further written notice or until the amount shown on the new levy is paid." (Dkt. No. 12-1 at 54 (May 12, 2014 ltr. from the IRS to FCRAA).) Since it received the first levy, FCRAA has sent all, or nearly all,[2] of Caudle's retirement allowance to the Treasury each month. And FCRAA has stated that it intends to continue to do so until the IRS releases the levy.

The Report addresses in some detail each of Caudle's individual claims and states reasons why defendants are entitled to summary judgment as to each. The Report also concludes that defendants are entitled to immunity from suit as to all of Caudle's claims, based on the terms of 26 U.S.C. § 6332(e).

## II. CONCESSIONS AND OBJECTIONS

Caudle has expressly consented to the dismissal of the Doe defendants (*see* Dkt. No. 32), who were not served on time. Accordingly, the court will dismiss the Doe defendants without prejudice from this action pursuant to Federal Rule of Civil Procedure 4(m).

Caudle objects to the Report on limited grounds. She lists general, conclusory objections in the introduction of her objections.[3] They are loosely tied to the four specific objections in the

---

[2] FCRAA withheld some smaller amounts from the payments (approximately $60 that represented a cost-of-living increase, and a monthly deduction of $7.56 for the first three months for life insurance). In communications between FCRAA and the IRS, the IRS instructed that those amounts could be retained by Caudle. (*See* Dkt. No. 12-1 at 74–75 (exhibits to Colandene declaration).)

[3] In particular, she objects to:
    (1) "certain factual findings and omissions";
    (2) the Report's "conclusion and reasoning" rejecting as "meritless" her argument that a portion of her retirement allowance was exempt from levy;
    (3) the Report's "interpretation" of 26 U.S.C. § 6334(a)(9);

4

body of her document. In her specific objections, she first claims that the Report misapplied *United States v. Voelker*, 175 B.R. 989, 994 (W.D. Wis. 1994), because it failed to recognize the distinction set forth in *Voelker* between a levy and a lien. (Dkt. No. 36 at 2, 4–5.) Caudle's remaining three specific objections all relate to her argument that defendants are not entitled to immunity under 26 U.S.C. § 6332(e). Her objections primarily reiterate her argument, also raised in her briefing and at the hearing before Judge Welsh, that 26 U.S.C. § 6334(a)(9) renders a portion of her retirement allowance exempt from levy in an amount to be determined by the method of computation set forth in § 6334(d).[4] Because a portion of her allowance was exempt from levy, her argument continues, the property was not "subject to levy" as required for immunity under § 6332(e).

In her second objection, Caudle claims that the magistrate judge "misinterpreted and omitted key elements of 26 U.S.C. § 6332(e)." (Dkt. No. 36 at 5.) In particular, she contends that defendants here did not "comply" with the levy because the property surrendered was not "subject to levy." (*Id.* at 5–7.)

Caudle's third objection posits that the Report "ignores the instructive case law"—and, most notably, the Ninth Circuit's decision in *Farr. v. United States*, 990 F.2d 451 (9th Cir. 1993), which she argues has a "very similar fact pattern." (Dkt. No. 36 at 7.)

---

      (4) the Report's proposed finding that defendants acted "in full compliance with their obligations" and that they are discharged from liability to plaintiff under 26 U.S.C. § 6332(e); and
      (5) the Report's "proposed finding that the evidence fails to establish any act" by defendants "that was not immune from liability under [26 U.S.C.] § 6332(e)."

(Dkt. No. 36 at 1–2.)

[4] Section 6334(a)(9) exempts from levy "[a]ny amount payable to or received by an individual as wages or salary for personal services, or as income derived from other sources, during any period, to the extent that the total of such amounts payable to or received by him during such period does not exceed the applicable exempt amount determined under subsection (d)." 26 U.S.C. § 6334(a)(9). Section 6334(d) explains how to calculate the amount of exempt wages, salary, or other income.

5

Caudle's fourth objection is that the Report misunderstands her claims. She insists that she is not challenging the validity of the levy, but "[t]he manner in which the levy [is] carried out." (*Id.* at 9.) She emphasizes that what she challenges is not the levy itself, but the fact that defendants surrendered amounts that she believes are exempt from levy under § 6334(a)(9).

Caudle does not object to any of the other grounds that the Report identifies as entitling defendants to summary judgment.

### III.  DISCUSSION

#### A.  Standard of Review

This court must review de novo "those portions of [the Report] or specified proposed findings or recommendations to which objection has been made." 28 U.S.C. § 636(b)(1)(C). As to those portions to which there is no objection, the court "need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

With regard to the summary judgment standard, the Report sets forth the applicable standard. (*See* Dkt. No. 33 at 3–5.) No party objects to the Report's statement of that standard, and the court concludes that it is correct and adopts it herein.

#### B.  Protection From Liability Under 26 U.S.C. § 6332(e) and Exemptions Under 26 U.S.C. § 6334

The focus of Caudle's objections is whether 26 U.S.C. § 6332(e) protects defendants from her claims. The IRS has statutory authority to issue levies to obtain property belonging to a delinquent taxpayer and in the custody of a third party. The custodian of the property who receives such a notice of levy, such as FCRAA here, has an affirmative legal obligation to comply with it. A person who refuses to honor the IRS levy is subject to being held personally

6

liable to the IRS in the amount of the levy, and also may be subject to penalties. 26 U.S.C. § 6332(d)(1)–(2).

In order to encourage compliance with levies, § 6332(e) confers immunity from suit on a custodian who complies with the levy served on it. That provision states:

> Any person in possession of . . . property . . . subject to levy upon which a levy has been made who, upon demand by the [IRS], surrenders such property . . . to the [IRS] . . . shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

26 U.S.C. § 6332(e).

As the Ninth Circuit explained in *Farr*, the purpose of § 6332(e) is plain. It seeks to assist a third party in possession of a taxpayer's property from being "forced to negotiate between the Scylla of IRS fury and the Charybdis of taxpayer vengeance every time a levy is made." 990 F.2d at 456. Courts have "generously" interpreted the provision, *id.*, and routinely dismiss claims (or affirm the dismissal of claims) by taxpayers or others arising from a defendant's actions in honoring a tax levy. *E.g.*, *Kane v. Capital Guardian Trust Co.*, 145 F.3d 1218, 1224 (10th Cir. 1998) (concluding that § 6332(e) protected individual retirement account administrator who converted taxpayer's shares to cash and gave them to the IRS in response to levy); *Melton v. Teachers Ins. & Annuity Ass'n of Am.*, 114 F.3d 557, 560–61 (5th Cir. 1997) (holding that defendant who sent monthly annuity payments to IRS as directed by levy was immune from liability); *Moore v. Gen. Motors Pension Plans*, 91 F.3d 848, 851 (7th Cir. 1996) (holding defendant not liable for compliance with an IRS levy, even if levy turns out to be invalid).

Consistent with this authority, judges of this court and other district courts within the Fourth Circuit have applied the provision to grant immunity under circumstances similar to those

7

here. *See, e.g., Quillen v. United States*, 160 B.R. 776, 777, 779 (W.D. Va. 1993) (holding that § 6332(e) shielded bank from any liability where plaintiff taxpayers argued that the bank violated 26 U.S.C. § 6334 "by failing to exempt certain amounts from the funds remitted to the IRS" in response to a levy); *Gust v. U.S. Airways*, No. 1:11cv133, 2011 WL 6296761, at *3 (W.D.N.C. Dec. 16, 2011), *aff'd*, 472 F. App'x 202 (4th Cir. 2012) (per curiam) (rejecting the plaintiff's claim that the defendant failed to honor his wages as exempt in complying with an IRS levy, and collecting authority for the proposition that "an employer cannot be made liable for failing to honor an employee's W-4 form when it has been directed to" ignore that form by the IRS (citations omitted)); *McDowell v. Norfolk S. Corp.*, No. 2:06-CV-00038D, 2007 WL 2815743, at *2–3 (E.D.N.C. Jan. 24, 2007) (holding that defendants were entitled to § 6332(e) immunity).

The protection conferred by § 6332(e) extends to all types of claims, including state law claims for negligence and conversion. *See Kane,* 145 F.3d at 1224 (affirming dismissal of state law claims for conversion and breach of fiduciary duty, based on immunity under § 6332(e)); *Joseph v. United States*, 517 F. App'x 543, 543–44 (9th Cir. 2013) (same as to conversion claim)); *Hughes v. Chevron Phillips Chem. Co.*, 478 F. App'x 167, 169, 171 (5th Cir. 2012) (same as to various state-law causes of action); *Brunwasser v. Black*, 474 F. App'x 859, 860–61 (3d Cir. 2012) (same as to conversion claim).

The law is also clear, as the Report notes (Dkt. No. 33 at 14), that § 6332(e) immunity applies even where there may be questions about a levy's validity. *Moore*, 91 F.3d at 851 (holding that the defendant was not liable for compliance with an IRS levy, even if levy turned out to be invalid); *Lanier v. Wachovia Bank*, No. 2:09-cv-4566-WY, 2010 WL 1141267, at *4–*5 (E.D. Pa. Mar. 24, 2010) (concluding that surrender of funds pursuant to the notice of levy gives custodian immunity from suit even if the validity of the levy is disputed). This is so

8

because a concern over the validity of a levy is not grounds for a recipient to refuse to honor it. Instead, as the Supreme Court has explained, a custodian of funds "served with a notice of levy has two, and only two, possible defenses for failure to comply with the demand: that it is not in possession of property of the taxpayer, or that the property is subject to a prior judicial attachment or execution." *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 727 (1985).[5] Thus, as the Second Circuit has noted, "[q]uestions about the validity of the levy 'are not valid reasons for refusing to honor a levy.'" *United States v. Moskowitz, Passman & Edelman,* 603 F.3d 162, 166 (2d Cir. 2010) (internal quotation marks and citation omitted).

Despite this abundance of authority, Caudle argues that FCRAA is not entitled to immunity under § 6332(e). She contends the property upon which levy was made was not "subject to levy" because a portion of it was exempt from levy. As an initial matter—and despite Caudle's insistence that she is not challenging the validity of the levy—that is precisely what she is doing.[6] The levy, as served on FCRAA, did not require that any portion of Caudle's retirement allowance be retained as exempt, nor did it require FCRAA to calculate some portion as exempt. Thus, Caudle's insistence that FCRAA should have exempted a portion of her allowance is tantamount to claiming that FCRAA should have challenged the validity of the levy, at least insofar as it sought her entire allowance.

In a case where the taxpayer disputes a levy's validity, the taxpayer's recourse is to challenge the levy directly with the IRS, not the entity served with the notice of levy, which has no ability or obligation to challenge it. (*See* Dkt. No. 33 at 19–20 (discussing the remedy

---

[5] Neither of these two defenses is applicable here, nor does Caudle argue that they are.

[6] Caudle may not be arguing that the levy is invalid *in its entirety*, but to the extent she claims that the levy improperly seeks the entirety of her monthly allowance, and should have directed that a portion be deemed exempt, that seems to the court to be a challenge to the levy's validity.

9

available to Caudle to obtain a release of the levy or to ask the IRS to exempt a portion of her income based on economic hardship)); *see also Moore,* 91 F.3d at 951 (concluding that administrator of retirement plan had no standing to challenge levy served on it; thus it "cannot be held liable for having failed to do what it could not legally do").

Relatedly, the Report properly rejects Caudle's reliance on § 6334(a)(9) as imposing an independent duty on FCRAA to calculate and determine an exempt amount. (Dkt. No. 33 at 19–20.) The levy served on FCRAA did not contain any instruction to exempt any funds or to calculate any such exemption. FCRAA does not even have the ability—let alone the obligation—to seek the § 6332(a)(9) exemption on Caudle's behalf from the IRS, or to make the determination that the exemption applies, and then apply it. *See Fredyma v. Lake Sunapee Bank*, 181 F.3d 79, 1998 WL 1016150, at *2 (1st Cir. Nov. 3, 1998) (unpublished table opinion) (reasoning that where the IRS levies on the property in question, even if it was in fact subject to an exemption, the bank who gave the property in response to the IRS was protected from liability by § 6332(e)); *Melton,* 114 F.3d at 560–61 (applying immunity to defendant who sent taxpayer's annuity income to IRS in response to levy, despite his claim that defendant failed to withhold a portion of his monthly payments as exempt under § 6334(a)(9)); *Said v. Encore Sr. Living LLC*, No. EDCV 11-01033 VAP, 2012 WL 602210, at *6 (C.D. Cal. Feb. 24, 2012) (concluding that employer was entitled to immunity because the notice of levy stated that "no amount of the taxpayer's wages, salary or other income is exempt from levy" and the employer could rely on such notification in paying over amounts pursuant to the levy (citing 26 C.F.R. § 301-6334-2)); *Quillen*, 160 B.R. at 779 (applying section 6332(e) to shield bank from liability despite taxpayers' argument that the bank violated 26 U.S.C. § 6334 "by failing to exempt certain amounts from the funds remitted to the IRS").

10

Case 5:14-cv-00031-EKD-JGW   Document 38   Filed 06/30/15   Page 10 of 19   Pageid#: 394

The Ninth Circuit's decision in *Farr,* upon which Caudle relies heavily, is distinguishable on at least two grounds, and thus does not alter this court's conclusion that defendants here are entitled to the protection of § 6332(e). Most significantly, in *Farr*, the notice of levy "specifically provided that wages, salary and income were levied upon 'only to the extent that they do not include amounts specified as exempt from levy under Code Section 6334.'" 990 F.2d. at 457. As the Ninth Circuit noted, "the IRS never did ask United to turn over Farr's workmen's compensation benefits—it eschewed any desire to have United do so." *Id.* The Ninth Circuit therefore concluded that there "was no levy upon the benefits themselves." *Id.*

The form utilized by the IRS here was not the same one utilized by the IRS in *Farr*. Unlike the form there—which expressly gave instructions about exempting certain payments— the form served on FCRAA contained no such instructions. Indeed, the revised notice of levy (sent to FCRAA in May 2014) contained an express statement in a cover letter that Caudle's entire monthly allowance must be remitted. (Dkt. No. 12-1 at 54.) Thus, the key fact that the Ninth Circuit relied on in determining that the defendant was not entitled to the protection of § 6332(e)—that it handed over funds the IRS did not request—is not present here. In stark contrast to those facts, the notice of levy here expressly required FCRAA to remit the entire allowance. Caudle has not pointed to any requirement that a person who is served with a notice of levy that contains no reference to exemptions must itself determine whether exemptions should apply.

This case also is distinguishable from *Farr* because workers' compensation benefits were at issue in *Farr*, and such benefits are absolutely exempt from levy. By contrast, the benefits here *may* be exempt, but it depends on the circumstances of the specific taxpayer. The significance of this factual difference is made clear by the Ninth Circuit's subsequent decision in

11

*Weiler v. United States*, 82 F.3d 424, 1996 WL 169254 (9th Cir. April 10, 1996) (unpublished), which distinguished *Farr* on this basis. In *Weiler*, the plaintiff taxpayer relied on *Farr* to argue that an employer who responded to a levy by turning over all of the plaintiff's "pension, without exemptions" to the IRS was not entitled to immunity. 1996 WL 169254, at *2. The Ninth Circuit held that the plaintiff's reliance on *Farr* was "misplaced":

> [*Farr*] involved an employer's failure to honor the workmen's compensation exemption under 26 U.S.C.A. § 6334(a)(7) in attempting to comply with a notice of levy on the employee's wages. 990 F.2d at 456–57. We determined that the IRS had not levied upon worker's compensation benefits and therefore, the employer was not immune from liability from turning those funds over to the IRS. Here, however, the Weilers claim that the levy on Henry Weiler's pension was subject to exemption under sections 6334(a)(9) and 6334(d), which provide for a minimum exemption and its method of calculation for wages, salary and other income. The exemption under Section 6334(a)(9) is different from a section 6334(a)(7) exemption in that under the former provision, the district director may determine that no amount of wages, salary or other income is exempt, as long as notice is given to the person who has been presented with the notice of levy. 26 C.F.R. § 301.6334-2(c)(1) (1995).[7] Additionally, "[t]he employer or other person upon whom the levy is served may rely on such notification in paying over amounts pursuant to the levy." *Id.* In contrast, section 6334(a)(7), which applies to workers compensation benefits, provides for an exemption in absolute terms. *See* 26 U.S.C.A. § 6334(a)(7).

*Id.*

Based on the reasoning in *Weiler* and terms of 26 C.F.R. § 301-6334-2, and given the notification to FCRAA that the entire amount of Caudle's benefits should be remitted to the IRS, it is not clear to the court whether Caudle is even correct that any of the amounts should have

---

[7] The cited regulation allows the district director to "elect to levy on only one or more sources while leaving other sources of income free from levy" and gives the director, under certain circumstances, the right to "treat no amount of the taxpayer's … income" as exempt. 26 C.F.R. § 301.6334-2(c)(1).

been subject to exemption at all. At least where the taxpayer has another source of income, the director of the IRS has discretion to determine that no portion of the taxpayer's other income is exempt. *See* 26 C.F.R. § 301.6334-2(c)(1). The record reflects that Caudle has another source of income in the form of Social Security. She told Judge Welsh that the IRS had been levying her Social Security benefits, but that levy stopped once her retirement allowance was levied. (Dkt. No. 29, Hr'g Tr. 18 – 19 (Nov. 13, 2014); *id.* at 24 (opposing counsel noting same)). Thus, if she is still receiving her Social Security income payments (which would be another source of income), the IRS may have determined, in its discretion, that no portion of her retirement allowance is exempt. It certainly appears that the IRS has taken this position, based on the letter accompanying the May 2014 superseding levy. (*See* Dkt. No. 12-1 at 54.) In any event, Caudle's objections do not persuade the court that FCRAA was under an obligation to determine an exemption amount or to withhold a portion of her allowance as exempt. Nor do her objections convince the court that the Report erred in determining that defendants are entitled to immunity under § 6332(e).

For all of the foregoing reasons, the court adopts the Report's conclusion that defendants had no statutory obligation, under § 6334(a)(9) or otherwise, to seek or apply an exemption amount to the levies at issue, which nowhere referenced any obligation on their part to do so. The court further concludes that § 6332(e) is applicable here and that none of defendants can be held liable on any of Caudle's claims. Accordingly, defendants are entitled to summary judgment as to all claims against them on this ground.

**C. Report's Reliance on *Voelker***

The court agrees with Caudle's objection to the Report's reliance on *United States v. Voelker*, 175 B.R. 989, 994 (W.D. Wis. 1994). (Dkt. No. 36 at 2, 4–5.) The Report's citation to

13

*Voelker* does appear mistakenly to conflate liens and levies, which were distinguished in *Voelker*. The court will thus decline to adopt that portion of the Report. This, however, makes no difference to the court's resolution of the issues.

## D. Other Grounds for Summary Judgment

As noted, the Report also identifies a number of other grounds on which defendants are entitled to summary judgment. Caudle has not objected to any of the Report's legal recommendations as to these grounds; thus, the court reviews them only for clear error. *See Diamond*, 416 F.3d at 315. Under this standard, the court adopts the reasoning and recommendation of the Report as to some—but not all—of the other grounds for judgment in defendants' favor, as discussed below.

### 1. Due Process Claims

First, the court agrees with the Report's conclusion and reasoning, in Section V.A., that defendants are entitled to summary judgment as to Caudle's due process claims. The Report reasons that, as to Caudle's claim that her due process rights were violated (asserted in the first, third, and fourth causes of action), defendants were entitled to summary judgment on several grounds. The court concludes that summary judgment in defendants' favor is appropriate as to these claims for the reasons set forth in the Report.

In sum, to the extent she is asserting a procedural due process claim, her claim fails because there was an adequate post-deprivation remedy. Courts have repeatedly held that an IRS levy upon a taxpayer's property does not result in a due process violation so long as the taxpayer receives an adequate opportunity after the seizure of the property to contest the levy. *See, e.g., Phillips v. Comm'r*, 283 U.S. 589, 594–601 (1931), *cited with approval in United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 721 (1985); *Lewis v. Sandler*, 498 F.2d 395, 397 n.1 (4th Cir.

14

1974) (reasoning that a custodian's compliance with a levy discharges the custodian of liability, and does "not deprive a taxpayer of due process of law because judicial review is available in a suit for refund").

To the extent Caudle is making a substantive due process claim, the court adopts the Report's conclusion (to which Caudle has not objected) that none of the alleged actions here by any defendant rises to the level necessary to sustain such a claim. In short, she has not shown that defendants' actions "fell so far beyond the outer limits of legitimate governmental action that *no process* could cure the deficiency." *Henry v. Jefferson Cnty. Comm'n*, 637 F.3d 269, 278 (4th Cir. 2011) (alterations and citation omitted). Thus, defendants are entitled to summary judgment on this claim, too.

### 2. *Respondeat Superior* Liability of FCRAA

The Report also rejects Caudle's third cause of action, in which she alleged FCRAA was liable on a theory of "*respondeat superior*." (*See* Dkt. No. 1 at 30–35.) The Report correctly notes that there is no respondeat superior liability under § 1983. (Dkt. No. 33 at 12–13 (citing, *e.g.*, *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004)).) Furthermore, to the extent that she intended to assert a claim pursuant to *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978), Caudle has failed to do so. *Monell* allows a claim against a municipality or other local government entity where the plaintiff shows that the defendant maintained "a custom, policy, or practice by which local officials violated [the] plaintiff's constitutional rights." *Owens v. Baltimore City State's Atty's Office*, 767 F.3d 379, 402 (4th Cir. 2014) (citing *Monell*, 436 U.S. 658). Caudle has failed to allege or present any facts to satisfy this showing. Thus, the court agrees with the Report that summary judgment in FCRAA's favor is proper as to any § 1983 claims against it, whether based on "respondeat superior" or couched as a *Monell* claim.

15

### 3. Qualified Immunity and Eleventh Amendment Immunity

The Report next concludes that the individual defendants are entitled to qualified immunity. (Dkt. No. 33 at 13–14.) The court declines to adopt this portion of the Report because "qualified immunity is an affirmative defense, and the burden of pleading it 'rests with the defendant.'" *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 305 (4th Cir. 2006) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). Here, the named defendants have not raised the defense in their answer or in their briefing. Thus, the court deems it waived. *Ridpath*, 447 F.3d at 305 (noting that a district court may refuse to consider the affirmative defense of qualified immunity where it was not raised in an answer or a dismissal motion); *see also Sales v. Grant*, 224 F.3d 293, 296 (4th Cir. 2000) (holding that the affirmative defense of qualified immunity had been waived where, although it was asserted in a single sentence in the answer, the defendants never raised it in a motion to dismiss or motion for summary judgment and never explained the legal or factual basis for it until after appeal and remand).

Furthermore, the court declines to adopt those portions of the Report that: (1) identify any defendants as state actors for purposes of Eleventh Amendment immunity (*see* Dkt. No. 33 at 13); and (2) conclude that the Eleventh Amendment bars claims against the individual defendants in their official capacities for money damages. (Dkt. No. 33 at 6 n.3 (citing *Edelman v. Jordan*, 415 651, 664–65 (1974).) "Eleventh Amendment immunity does not extend to mere political subdivisions of a State such as counties or municipalities." *Kitchen v. Upshaw*, 286 F.3d 179, 184 (4th Cir. 2002). The individual defendants named here are not state employees and the record does not reflect facts to show that either FCRAA or Fairfax County could be deemed an "arm of the State" for purposes of Eleventh Amendment immunity. *See id.*[8] Thus,

---

[8] There are some limited circumstances in which a county agency is entitled to Eleventh Amendment immunity, but the pertinent inquiry is always whether the action seeks damages that would be satisfied by state

16

they are not immune to claims for money damages on that basis. The Report is therefore rejected as to these recommendations.

### 4. Conspiracy Claim Under 42 U.S.C. § 1985

As to Caudle's civil conspiracy claim under 42 U.S.C. § 1985, the Report correctly concludes that an entity cannot conspire with its employees or agents acting within the scope of their employment. FCRAA is a county agency, and therefore treated a part of the county, and the individual defendants are also employees of the county, and there is no allegation that they were acting outside the scope of their employment. For these reasons, explained in more detail in the Report, the court adopts the Report's conclusion that the conspiracy claim fails.

### 5. The Doe Defendants

As already noted above, Caudle consents to the dismissal of the Doe defendants without prejudice based on her failure to serve them on time. The Report recommends such dismissal (Dkt. No. 33 at 16–17), and the court will adopt that recommendation.

### 6. Conversion Claim

In addition to the immunity conferred by § 6332(e), which protects defendants from liability for the conversion claim, the Report also concludes that the conversion claim fails on two additional grounds. First, the Report concludes that it is based on an intangible property right not arising from or merged with any document and thus cannot be the subject of a conversion claim. (Dkt. No. 33 at 17–18 (citing, *e.g.*, *United Leasing Corp. v. Thrift Ins. Corp.*, 440 S.E.2d 902, 906 (Va. 1994). Second, the Report determines that even if, as bailee of Caudle's property, defendants refused to surrender her property on demand, they were not liable

---

funds. *E.g.*, *Bockes v. Fields*, 999 F.2d 788, 791 (4th Cir. 1993) (applying Eleventh Amendment immunity to claims against a county agency and a state agency because both entities subscribed to a self-insurance plan under which the state would have to pay 80% of any recovery). In this case, there is no evidence that a judgment against FCRAA would be paid out of state coffers. Thus, the Eleventh Amendment does not bar Caudle's claims.

because they had a good faith belief that the circumstances made Caudle's demand unreasonable and because they timely communicated to Caudle the reason for their refusal to send her the portion of her allowance that she claims should be exempt. (Dkt. No. 33 at 19 (citing Restatement (Second) Torts §§ 238, 241).)

In her summary judgment response, Caudle claimed that defendants breached fiduciary duties to her and erroneously failed to investigate in response to her letters. (Dkt. No. 16 at 10–12.) Thus, she appears to be arguing that they could not have had a good-faith belief that her demand was unreasonable. She has not presented sufficient evidence, though, from which a reasonable jury could find that they did not have such a good-faith belief. Furthermore, Caudle did not object to either of these recommendations, and the court does not find them clearly erroneous. Accordingly, the court will also adopt those portions of the Report related to her conversion claim.

## IV. CONCLUSION

For the foregoing reasons, the Report will be adopted in part and rejected in part. Consistent with the court's reasoning in this opinion, the court will not adopt the Report's analysis on qualified immunity, Eleventh Amendment immunity, its description of the employees as state actors for Eleventh Amendment immunity purposes, or its citation to and reliance on *United States v. Voelker*, 175 B.R. 989 (W.D. Wis. 1994). The Report is otherwise adopted.

Consistent with the court's conclusions herein, the court will grant defendants' motion for summary judgment, deny Caudle's motion for summary judgment, dismiss the Doe

18

defendants without prejudice, and dismiss the remaining claims and defendants with prejudice.

An appropriate order will be entered.

Entered: June 30, 2015.

*Elizabeth K. Dillon*
United States District Judge